UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NICOLE SANDERSON,

    Plaintiff,

v.                                         Case No. 5:11-cv-632-Oc-34TBS

MONROE REGIONAL MEDICAL CENTER,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is plaintiff's complaint (Doc. 1) and plaintiff's Affidavit Of Indigency which the Court construes as a Motion To Proceed In Forma Pauperis. (Doc. 2.) For the reasons discussed below, the Court RECOMMENDS that ruling on plaintiff's Motion to Proceed In Forma Pauperis be deferred until plaintiff has been given an opportunity to file an amended complaint.

Prior to determining whether plaintiff qualifies to proceed in forma pauperis, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review plaintiff's complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the action fails to state a claim upon which relief may be granted. Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of the claims for relief. Tigner v. Internal

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. §636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking the factual allegations on appeal.

Revenue Service, No.:1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. March 24, 2000). Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's complaint fails to meet the standard.

Plaintiff was terminated by her former employer, defendant Monroe Regional Medical Center, and appears to be making several claims based upon her termination. She states in part that "I am writing about information on my discrimination case" and "I have told the EEOC that it was retaliation, disability, race discrimination (endangerment) making me do violent accomodations[.]" (Doc. 1 at 1.) At the most basic level, plaintiff has failed to identify in her complaint the specific legal causes of action she asserts against defendant. The rambling and disjointed complaint was virtually impossible to decipher and the Court was unable to discern the basis of plaintiff's claims. Plaintiff thus fails to provide a "short and plain statement" of the claim (1) showing she is entitled to relief, (2) stating the grounds for the Court's jurisdiction, and (3) demanding the relief sought, as required by Rule 8(a). Plaintiff also has not complied with Rule 8(d) which requires that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d). Accordingly, plaintiff will be required to file an amended complaint clarifying the basis for her federal claim (i.e., Title VII or some other basis) and how defendant allegedly violated federal law.

Accordingly, for these reasons, it is respectfully RECOMMENDED that:

(1) plaintiff shall file an amended complaint within twenty (20) days of the date of the District Judge's Order;

(2) Failure to comply with the District Judge's Order may result in a

recommendation of dismissal of this action; and

(3) Plaintiff is advised that the amended complaint must contain all of plaintiff's (amended) allegations and should not in any way refer to the original complaint. The amended complaint will completely replace the original complaint, which thereafter will be disregarded. Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for herself. Plaintiff need not file service copies until instructed to do so by the Court.

RESPECTFULLY RECOMMENDED in Ocala, Florida, on November 30, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Pro se Plaintiff